JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Hicks, appeals the judgment of the Cuyahoga County Common Pleas Court convicting and sentencing him for possession of drugs and intimidation after a jury found him guilty of these offenses.
 {¶ 2} The record reveals that the Cuyahoga County Grand Jury returned a three-count indictment against appellant for (1) possession of drugs, in violation of R.C. 2925.11; (2) trafficking in drugs, in violation of R.C. 2925.03; and (3) intimidation, in violation of R.C.2921.03. The case proceeded to jury trial and appellant was found guilty of possession of drugs and intimidation but not guilty of the drug-trafficking charge. The trial court sentenced appellant to concurrent one-year terms of imprisonment for each offense. According to the sentencing journal entry, this sentence was to run concurrent with a case not before this court, case No. CR-429532, and consecutive to three other cases not before this court, case Nos. CR-417035, CR-378570 and CR-394671.[1] The sentencing entry journalized by the court furthermore imposed post-release control as part of appellant's sentence.
 {¶ 3} Appellant is now before this court and assigns four errors for our review.
 I {¶ 4} In his first assignment of error, appellant contends that the trial court erred in imposing consecutive sentences without stating its reasons for doing so as required by R.C. 2929.14(E)(4) and 2929.19(B)(2).
 {¶ 5} R.C. 2929.14 governs the imposition of prison terms for felony convictions and authorizes the imposition of consecutive sentences only when the trial court concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 6} Imposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state these findings, and its reasons for those findings, on the record. See R.C.2929.19(B)(2)(c); see, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 20. "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21. Failure of a trial court to do so constitutes reversible error. Id. at ¶ 23.
 {¶ 7} At the sentencing hearing, the trial court imposed sentence for the other cases, case Nos. CR-394671, CR-417035, CR-378570 and CR-429532, in addition to the instant case, case No. CR-429757. Addressing appellant, the court stated:
 {¶ 8} "Mr. Hicks, I find you in violation of your supervision in 3994671,[2] 378570, and 417035. I'm going to impose a sentence — I'll revoke your court-supervised release supervision; that I find you're not amenable to community control sanction; and that imposition of a prison sentence is appropriate.
 {¶ 9} "I'm going to impose a one-year sentence at the Lorain Correctional Institution in 394671 and a one-year sentence in 417035. I'm going to impose a six-month sentence to be served at the Lorain Correctional Institution in 378570. While that's a misdemeanor, I will order that six-month sentence to be served concurrently to the other two one-year sentences, and I also run the one-year sentences concurrent to each other. So in those files you're going to serve a year, Mr. Hicks.
 {¶ 10} "I find that imposition of the one-year sentence in each of these two files in light of your continuing unlawful activity is necessary to protect the public and to punish you for your transgressions.
 {¶ 11} "In Case No. CR-429757, you were convicted by a jury of a Felony 4 possession charge with a presumption of prison and a Felony 3 intimidation. I'm going to impose a one-year sentence on each of those offenses to be served concurrent to each other, but consecutive to the one-year sentence in the first three files.
 {¶ 12} "I'm going to [sus]pend your driving privileges for the period of incarceration.
 {¶ 13} "Finally, in Case No. CR-429532, I'm going to impose a one-year sentence for Count 1, failure to comply, and one year for Count 2, receiving stolen property, concurrent to each other but consecutive to the other two one-year sentences, for a total of three years."
 {¶ 14} Initially, we note that the sentencing journal entry and the record as excerpted above differ in terms of the manner in which the sentences are served. In the journal entry, the trial court ordered appellant's sentences in the instant case and in case number CR-429532 run concurrent to each other but consecutive to the prison term imposed in appellant's prior cases, case Nos. CR-394671, CR-378570 and CR-417035. As can be surmised from the excerpt above, this is not the sentence that was imposed by the trial court. On the contrary, the trial court ordered appellant's sentence in the instant case to run consecutive to the concurrent terms imposed for the group of appellant's prior cases (case Nos. CR-394671, CR-378570 and CR-417035)[3] and consecutive to the concurrent one-year terms imposed in case No. CR-429532. Even if we were to find no other sentencing error, remand would be necessary to correct this aspect of the court's sentencing journal entry.
 {¶ 15} We do, however, find other error. As pertains to the imposition of consecutive one-year prison terms between appellant's prior cases and the instant case, the trial court made no mention of any of the statutory factors. To be sure, we can glean from the record that a conviction in the instant case violates the terms of supervision in the prior cases, which resulted in the concurrent prison terms imposed by the court for the prior cases. Yet, when the trial court proceeded to the instant case for sentencing, the trial judge merely stated that he was going to impose concurrent one-year terms of imprisonment for each offense and that this concurrent term would be served consecutive to the one-year concurrent term imposed in the prior cases. No findings were stated and no reasons were given. The consecutive sentences imposed between the instant case and prior cases involve separate cases that are not part of this appeal. Without knowing what the particular conduct involved, there is nothing in the record before us from which we discern that this conduct warranted the imposition of consecutive sentences even if the trial court had undertaken a perfunctory analysis before imposing sentence. See State v. Glass, Cuyahoga App. No. 81275, 2003-Ohio-1505, at ¶ 26.
 {¶ 16} It is true that the trial judge stated that he was imposing the one-year sentence in the prior cases because of appellant's "continuing unlawful activity" and the necessity "to protect the public" and punish appellant. Arguably, these are factors to be considered when imposing consecutive sentences. However, even if we were to construe this as part of the court's analysis for the imposition of consecutive sentences and even if we take into consideration that appellant committed the crimes in the instant case in violation of the terms of his supervision, the record is devoid of any proportionality analysis as required by R.C. 2929.14(E)(4).
 {¶ 17} "It is insufficient to merely address the facts that led the trial court to characterize a defendant's conduct as serious or the defendant as a danger to the public. Further, it is not enough to simply state that the conduct is serious, and that the offender poses a danger to the public. Rather, the statute clearly requires a trial court imposing consecutive sentences to find that consecutive sentences are not disproportionate to the severity of conduct and the danger posed by the offender." State v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220 78221, 2001 Ohio App. Lexis 2876.
 {¶ 18} Because the trial court did not comply with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) when ordering the terms of imprisonment in the instant case and the prior cases to run consecutively, the trial court erred in sentencing appellant to consecutive terms for these offenses.
 {¶ 19} The same is not true of the imposition of consecutive sentences as pertains to case number CR-429532. The record before us indicates that appellant was charged in that case for failure to comply with an order or signal of a police officer and receiving stolen property. Before proceeding to sentencing in the instant case, the trial court accepted appellant's guilty plea as authorized by Crim.R. 11. It thereafter found appellant guilty as charged.
 {¶ 20} The record indicates that the failure-to-comply charge against appellant included a furthermore clause for causing a substantial risk of harm, in violation of R.C. 2921.331(C)(5)(a)(ii). This not only enhanced the degree of penalty but required any prison term imposed by the sentencing court to be served consecutively. See 2921.331(D). This court has previously concluded that R.C. 2921.331(D) requires a sentencing court to follow that statute's dictates independently from R.C. 2929.14(E)(4) and, as such, the trial court need not state its reasons for imposing consecutive sentences because R.C. 2921.331(D) mandates as much. See State v. Dudenas, Cuyahoga App. Nos. 81461 and 81774, 2003-Ohio-1000, at ¶¶ 22-24.
 {¶ 21} Consequently, the trial court need not state its reasons for imposing consecutive sentences in compliance with R.C. 2929.14(E)(4) in cases where a prison term is imposed in accordance with R.C. 2921.331(D).
 {¶ 22} Appellant's second assignment of error is well taken in part and, therefore, is sustained in part and overruled in part.
 II {¶ 23} In his second assignment of error, appellant contends that the trial court erred in imposing post-release control as part of his sentence when it failed to advise him of such on the record. He argues that this portion of his sentence should, therefore, be vacated. The state counters that appellant was so informed and, in the alternative, if he was not, remand for resentencing would be the appropriate course of action rather than vacation.
 {¶ 24} The state goes on to discuss at length the law relative to the taking of guilty pleas under Crim.R. 11. This rule is not at issue in this case. Appellant was convicted and sentenced following a jury trial. It was the contemporaneous case, case No. CR-429532, that involved a conviction and sentence following a plea agreement and upon which the state rests its argument. In informing appellant of the consequences of a guilty plea in that case, it is true that the trial court informed appellant that post-release control would be part of any sentence imposed. But that advisory pertained to that particular case only, case number CR-429532. In the case before this court, appellant was not informed that post-release control would be part of his sentence.
 {¶ 25} This court has addressed this issue several times recently. This author, along with several other members of this court, has concluded that if a criminal defendant is not informed at the sentencing hearing that post-release control is part of his or her sentence, then post-release control is not properly part of any sentence imposed despite a sentencing journal entry to the contrary. See, generally, State v.Johnson, Cuyahoga App. No. 81814, 2003-Ohio-4180. As stated in Johnson,
supra, this issue is presently before our supreme court. See State v.Jordan, 98 Ohio St.3d 1460, 2003-Ohio-644. Although ordinarily I would adhere to the position stated in Johnson, the circumstances of this case do not demonstrate any error prejudicial to appellant.
 {¶ 26} By virtue of our disposition of appellant's first assignment of error, wherein we vacated appellant's sentence because of the trial court's failure to state its findings and reasons for imposing consecutive sentences, any error associated with appellant's sentence is now moot as the trial court, on remand, will have the opportunity to resentence appellant in compliance with R.C. Chapter 2929 and, furthermore, advise appellant appropriately as to whether post-release control is part of his sentence.
 {¶ 27} Consequently, appellant's second assignment of error is not well taken and is overruled.
 III {¶ 28} In his third assignment of error, appellant contends that his conviction for intimidation should be vacated because the jury instructions did not require a unanimous verdict. Succinctly, appellant argues that the indictment for this offense included two victims in an "and/or" format, thereby allowing for less than a unanimous verdict.
 {¶ 29} We note initially that the trial court did instruct the jury that its decision must be unanimous. Appellant, however, bases his argument on the following instruction:
 {¶ 30} "[Appellant] is charged with intimidation in violation of Revised Code Section 2921.04[4] in Count 3 of the indictment. Before you can find [appellant] guilty, you must find beyond a reasonable doubt that on or about the 24th day of September, 2002, and in Cuyahoga County, Ohio, [appellant] knowingly and by force, or by unlawful threat of harm, did attempt to influence, intimidate, or hinder Police Officer John Hudelson and/or Police Officer Donald Wellinger, a public servant or witness in a criminal case, in the discharge of their duty."
 {¶ 31} It is appellant's contention that such an instruction does not allow for a unanimous verdict because the jurors may have been divided as to which victim was actually being intimidated, thereby resulting in less than a unanimous verdict. Appellant's trial counsel did not object to his instruction and, generally, expressed his satisfaction with the instructions as given. Appellant has, therefore, waived all but plain error. State v. Underwood (1983), 3 Ohio St.3d 12, syllabus; see, also, State v. Franklin, 97 Ohio St.3d 1, 2002-Ohio-5304, at ¶ 61.
 {¶ 32} We see no error, plain or otherwise. This court recently addressed this precise issue in State v. Hamad, Cuyahoga App. No. 81189, 2003-Ohio-4401. Relying on State v. Johnson (1989), 46 Ohio St.3d 96, theHamad court found that a general unanimity instruction, such as the one given in this case, is sufficient to "ensure that the jury is unanimous on the factual basis for a conviction even where the indictment alleges numerous factual [bases] for liability." State v. Hamad, supra, at ¶ 32. "[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive * * * the verdict stands if the evidence is sufficient with respect to any one of the acts charged." State v.Johnson, 46 Ohio St.3d at 105, quoting Turner v. United States (1970),396 U.S. 398, 420. Thus, the Hamad court upheld a conviction for intimidation where the indictment listed more than one victim because there was sufficient evidence to support that the defendant in that case threatened all the named victims. Id. at ¶ 33.
 {¶ 33} The same is true in this case. There was testimony from both victims that appellant leveled threats against them. This testimony, if believed, would support appellant's conviction for intimidation against either or both victims.
 {¶ 34} Appellant's third assignment of error is not well taken and is overruled.
 IV {¶ 35} In his fourth assignment of error, appellant contends that his trial counsel was ineffective for failing to request a unanimity instruction. Due to our disposition of appellant's third assignment of error, we need not address this assigned error. See App.R. 12(A)(1)(c).
 {¶ 36} The judgment of the trial court is affirmed in part. The sentence imposed, however, is vacated and we remand for resentencing.
Patricia A. Blackmon, P.J., and James D. Sweeney, J., concur.
James D. Sweeney, retired, of the Eighth District Court of Appeals, sitting by assignment.
It is ordered that appellee and appellant equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing, however, consistent with the opinion herein.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] As far as can be ascertained from the record before us, case numbers 394671, 378570 and 417035 appear to be prior cases for which a conviction in the present case would constitute a violation of post-release control. Case number 429532 appears to be a contemporaneous case that included charges for failure to comply with an order or signal of police officer and receiving stolen property. Appellant pleaded guilty to these charges just before sentencing in the instant case.
[2] It is obvious to this court that this is a typographical error and should be a reference to case No. 394671.
[3] For ease of discussion, we will refer to this group of cases against appellant (case Nos. CR-394671, CR-378570 and CR-417035) as his "prior cases."
[4] The indictment references R.C. 2921.03, not R.C. 2921.04. Both sections reference the offense of intimidation but contain different elements of proof.