OPINION
{¶ 1} Appellant Charles Mooney, Jr. appeals from his conviction and sentence in the Stark County Court of Common Pleas, case number 2004CR2030, for possession of cocaine. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 24, 2005, appellant pled guilty to one count of failure to comply with the order of a police officer, R.C.2921.331(B)(C)(5)(a)(ii), a felony of the third degree, under common pleas case number 2004CR1488. On the same day, a jury found appellant guilty of possession of cocaine, R.C. 2925.11(A)(C)(4)(c), also a felony of the third degree, under common pleas case number 2004CR2030. Following a sentencing hearing, the trial court sentenced appellant to three years in prison for possession of cocaine, to be served consecutively with the two-year sentence appellant was receiving for failure to comply with the order of a police officer in Case 2004CR1488.[1]
 {¶ 3} On March 11, 2005, appellant filed a notice of appeal in Case 2004CR0030. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT CHARLES MOONEY, JR., TO (SIC) CONSECUTIVE FELONY SENTENCES WHEN IT FAILED TO MAKE THE STATUTORILY ENUMERATED FINDINGS SUPPORTING THE CONSECUTIVE SENTENCES, AND FAILED TO GIVE REASONS SUPPORTING THOSE FINDINGS AT THE SENTENCING HEARING."
 Standard of Review {¶ 5} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence is set forth in R.C.2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 6} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 7} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 8} "(a) The sentence was imposed for only one offense.
 {¶ 9} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 10} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 11} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03
of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 12} "(4) The sentence is contrary to law.
 {¶ 13} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 14} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 {¶ 15} Additionally, pursuant to State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165, and its progeny, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing when imposing consecutive or maximum sentences.
 I. {¶ 16} In his sole Assignment of Error, appellant challenges the imposition of the three-year sentence for cocaine possession consecutive to the two-year sentence for failure to comply with the order of a police officer.
 {¶ 17} R.C. 2929.14(E)(4) provides:
 {¶ 18} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 19} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 20} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 21} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 22} The trial court made the following abbreviated findings at the sentencing hearing:
 {¶ 23} "I would indicate that this sentence would be served consecutive as is required by law to any time which had been imposed for the failure to comply with order or signal of a police officer and also as necessary to protect the public because of the nature of the offenses, the danger to the public, and you will be given credit for all time served to date. That will be all." Tr. at 175.[2]
 {¶ 24} The State, in its response brief, nonetheless directs us to R.C. 2921.331(D), which contains the following sentencing provision regarding certain convictions for failure to comply with the order of a police officer: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."
 {¶ 25} Other Ohio appellate courts have concluded that R.C. 2921.331(D) "requires a sentencing court to follow that statute's dictates independently from R.C. 2929.14(E)(4) and, as such, the trial court need not state its reasons for imposing consecutive sentences because R.C.2921.331(D) mandates as much." See State v. Hicks, Cuyahoga App. No. 82574, 2003-Ohio-6902, ¶ 20, citing State v. Dudenas, Cuyahoga App. Nos. 81461 and 81774, 2003-Ohio-1000, at ¶¶ 22-24. We recognize that in the case sub judice, appellant is not appealing from his sentence for failure to comply with the order of a police officer (Case 2004CR1488); however, we find a remand in the present appeal would be futile because the trial court's imposition of mandatory consecutive sentences as to appellant's two convictions is statutorily valid regardless of further compliance with R.C. 2929.14(E)(4) in his present cocaine possession case.
 {¶ 26} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] Each case has its own sentencing entry, file-stamped March 2, 2005.
[2] We also note the trial court made reference to the necessity of consecutive sentences pursuant to R.C. 2929.14(E)(1) and (E)(2) in the sentencing entry, even though neither section appears to apply. See Sentencing Entry at 3.