OPINION
{¶ 1} Appellant appeals his sentence entered by the Licking County Court of Common Pleas on February 4, 2005.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On July 23, 2004, Appellant James Beaver was observed engaging in "suspicious activity" by the loss prevention personnel in Meijer's store in Newark, Ohio. When Appellant left the store and drove away, he was followed by officers from the Newark Police Department. The officers observed that Appellant's vehicle had an expired license plate and a loud exhaust and attempted to pull him over. Appellant fled police. Appellant eventually crashed his vehicle into a fence, exited his vehicle and attempted to flee on foot but was apprehended. A search of Appellant revealed a pipe with methamphetamine in it. Methamphetamine was also found in appellant's bloodstream.
 {¶ 4} Appellant, James Beaver, was charged with the following:
 {¶ 5} Count One: Failure to Comply with the Order or Signal of a Police Officer, in violation of R.C. 2921.331, a third degree felony;
 {¶ 6} Count Two: Aggravated Possession of Drugs, in violation of R.C. 2925.11, a fifth degree felony;
 {¶ 7} Count Three: Possession of Cocaine, a fifth degree felony, which was eventually dismissed.
 {¶ 8} Count Four: Driving Under Suspension, in violation of R.C.4510.11, a first degree misdemeanor;
 {¶ 9} Count Five: Operating a Motor Vehicle Under the Influence, in violation of R.C. 4511.19, a first degree misdemeanor;
 {¶ 10} Count Six: Driving on Expired License Plates, in violation of R.C. 4503.21, a minor misdemeanor.
 {¶ 11} On October 28, 2004, Appellant entered a plea of guilty to the count of Aggravated Possession of Drugs and pled no contest to the remaining counts.
 {¶ 12} On January 20, 2005, Appellant filed a motion to suppress.
 {¶ 13} On February 4, 2005, the trial court sentenced Appellant to three (3) years imprisonment on Count One, six months imprisonment for Count Two, six months in jail for Counts Four and Five and a fine on Count Six. Counts Two, Four and Five were to be served concurrently to each other. The three year sentence on Count One was ordered to run consecutive to the other counts.
 {¶ 14} Appellant filed an appeal of his sentence and this matter is now before this court for consideration. Appellant's sole Assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 15} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES WITHOUT MAKING THE APPROPRIATE FINDINGS ON THE RECORD."
 Standard of Review {¶ 16} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence is set forth in R.C. § 2953.08. Specifically, § 2953.08(A) presently reads:
 {¶ 17} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 18} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 19} "(a) The sentence was imposed for only one offense.
 {¶ 20} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 21} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 22} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03
of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 23} "(4) The sentence is contrary to law.
 {¶ 24} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 25} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 {¶ 26} Additionally, pursuant to State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165, and its progeny, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing when imposing consecutive or maximum sentences.
 I. {¶ 27} In his sole Assignment of Error, appellant challenges the imposition of the three-year sentence for failure to comply with the order of a police officer consecutive to the six month (concurrent) sentences for the remaining counts.
 {¶ 28} R.C. § 2929.14(E)(4) provides:
 {¶ 29} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 30} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 31} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 32} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 33} The State, in its response brief, directs us to R.C. §2921.331(D), which contains the following sentencing provision regarding certain convictions for failure to comply with the order of a police officer:
 {¶ 34} "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."
 {¶ 35} This Court recently addressed this issue in State v. Mooney,
Stark App. No. 2005CA00072, 2005-Ohio-5655, wherein it joined the other Ohio appellate courts which have concluded that R.C. § 2921.331(D) "requires a sentencing court to follow that statute's dictates independently from R.C. 2929.14(E)(4) and, as such, the trial court need not state its reasons for imposing consecutive sentences because R.C.2921.331(D) mandates as much." See State v. Hicks, Cuyahoga App. No. 82574, 2003-Ohio-6902, ¶ 20, citing State v. Dudenas, Cuyahoga App. Nos. 81461 and 81774, 2003-Ohio-1000, at ¶¶ 22-24.
 {¶ 36} Based on the foregoing, we find the trial court's imposition of mandatory consecutive sentences as to appellant's convictions is statutorily valid.
 {¶ 37} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 38} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Boggins, P.J. Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellant.