JOURNAL ENTRY and OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, Arthur Velasquez, Jr. ("Velasquez"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In Case No. CR-449218, Velasquez was found guilty of receiving stolen property and possession of criminal tools. In Case No. CR-451135, he was found guilty of two counts of failure to comply with an order or signal of a police officer, each containing furthermore clauses. The court merged the two counts and imposed a four-year sentence. In Case No. CR-449218, the court sentenced Velasquez to the maximum of eighteen months for receiving stolen property and eleven months for possession of criminal tools, to run concurrently. Pursuant to R.C. 2921.331(D), the four-year sentence ran consecutive to this sentence.
 {¶ 3} Velasquez appeals, raising two assignments of error.
 Maximum and Consecutive Sentence {¶ 4} In his first and second assignments of error, Velasquez argues that he was denied due process of law when the trial court imposed the maximum sentence because it does not comport with Ohio's new sentencing structure and because a jury did not find the facts which supported the imposition of a maximum sentence.
 {¶ 5} Velasquez argues that the holdings in Apprendi v. New Jersey
(2000), 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348, Ring v. Arizona
(2002), 536 U.S. 584, 153 L. Ed. 2d 556, 122 S. Ct. 2428, and Blakely v.Washington (2004), 542 U.S. ___, 159 L. Ed. 2d 403, 124 S. Ct. 2531, specifically set forth that a defendant's constitutional right to trial by jury is violated when a trial court imposes a sentence beyond the maximum allowable based on findings of fact not found by a jury or admitted by the defendant.
 {¶ 6} This court has recently determined that Ohio's hybrid sentencing scheme does not violate one's Sixth Amendment right to trial by jury.State v. Lett, Cuyahoga App. Nos. 84707 84729, 2005-Ohio-2665. We concluded that the findings the trial court is required to make pursuant to R.C. 2929.14(C) and R.C. 2929.19(B)(2) when imposing a maximum sentence, do not constitute "additional" facts which would require a jury's consideration as construed in Blakely and Booker.[1] Id. Instead, we found that Ohio's sentencing scheme is consistent with the intent of Blakely because it "preserves the discretion that judges have long enjoyed for sentencing purposes." Id. at ¶ 23. Therefore, the maximum sentences a court may impose are pursuant to R.C. 2929.14, Ohio's sentencing guidelines, which allow "determinate sentences from an indeterminate range of possible terms." Lett, supra at ¶ 19.
 {¶ 7} R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence on an offender under certain circumstances. In State v.Edmonson, 86 Ohio St.3d 324, 329, 1999-Ohio-110, 715 N.E.2d 131, the Ohio Supreme Court determined that in order to lawfully impose the maximum term, the record must reflect that the trial court imposed the maximum sentence after having first found that the offender satisfied one of the criteria set forth in R.C. 2929.14(C). As pertinent to this appeal, R.C.2929.14(C) permits the court to impose a maximum sentence "upon offenders who pose the greatest likelihood of committing future crimes."
 {¶ 8} R.C. 2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson, supra, at 328. Although the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v. Hollander (2001),144 Ohio App.3d 565, 569, 760 N.E.2d 929. Moreover, the trial court must make oral findings on the record at the sentencing hearing. Statev. Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165, 793 N.E.2d 473. See, also, State v. Thompson, Cuyahoga App. No. 83382, 2004-Ohio-2969.
 {¶ 9} Velasquez argues that the trial court made inadequate findings to satisfy the statutory requirements that must be made to support the imposition of a maximum sentence. He claims that simply because he is a repeat offender does not satisfy any of the R.C. 2929.14 required findings. We disagree.
 {¶ 10} The trial court has fully complied with the statutory mandates. The court found that Velasquez had a high risk of recidivism and failed to respond favorably after his prior incarceration. To support this finding, the court recited his prior convictions, which included ten felonies, noted that Velasquez's "M.O." was stealing cars, and that he had engaged in similar behavior in the past. The court also stated that the current offense was committed while Velasquez was on parole, and that he put the community at risk. In imposing the maximum sentence, the court reasoned that "to do less would demean the seriousness of the offense especially in view of the fact of what has happened in your prior offenses where somebody was actually killed. So you know better than to take off."
 {¶ 11} Contrary to Velasquez's assertion, the trial court considered all the relevant factors of R.C. 2929.12(D) indicating that he is likely to commit future crimes. Based on the above reasoning and the finding of three separate R.C. 2929.12(D) factors, i.e. at the time of the offense Velasquez was on parole, history of criminal convictions, and unfavorable response to previous prison sentences, we find that the trial court's determination that Velasquez posed the greatest likelihood of committing future crimes is supported by clear and convincing evidence. Therefore, the trial court did not err in imposing the maximum sentence for receiving stolen property. Accordingly, Velasquez's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Rocco, J. Concur.
[1] United States v. Booker (2005), 543 U.S. ___, 160 L. Ed. 2d 621,125 S. Ct. 738.