[Cite as *State v. Jeffery*, 2011-Ohio-2654.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 10 CA 120 |
| TONY A. JEFFERY | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  09 CR 558H


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT ENTRY:     June 1, 2011


APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee

JAMES J. MAYER, JR.            JOHN C. O'DONNELL, III
PROSECUTING ATTORNEY            13 Park Avenue West
BAMBI COUCH PAGE            Suite 300
ASSISTANT PROSECUTOR            Mansfield, Ohio  44902
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1}   Appellant State of Ohio appeals the decision of the Court of Common Pleas, Richland County, sentencing Appellee Tony A. Jeffery on one count of failure to comply with an order or signal of a police officer. The relevant facts leading to this appeal are as follows.

{¶2}   On July 20, 2009, an Ontario, Ohio, police officer engaged in a high-speed pursuit of a pickup truck driven by appellee. The truck crashed into a pole, and appellee was thereupon apprehended. The pickup was discovered to have been reported stolen in Obetz, Ohio.

{¶3}   On November 25, 2009, appellee appeared before the court on a final pre-trial on a charge of failure to comply with an order or signal of a police officer, R.C. 2921.331(B)/(C)(5)(a)(i) and (ii), a third-degree felony. Appellee and the State agreed that an additional felony charge against appellee, receiving stolen property, would be dismissed upon appellee's plea. It was also agreed that appellee would receive a prison sentence, with the trial court to determine the length of the sentence from the possible ranges of one to five years. The matter was set for a change of plea hearing on December 16, 2009.

{¶4}   Appellee failed to appear for his change of plea hearing. In the meantime, in separate cases, the Delaware County Court of Common Pleas sentenced appellee on April 7, 2010 to sixteen months in prison for receiving stolen property, and the Franklin County Court of Common Pleas sentenced appellee on a burglary conviction, resulting in a conveyance to prison on July 21, 2010.

**{¶5}** Appellee was thereafter located and brought before the court on August 4, 2010. He entered a guilty plea on the charge of failure to comply with an order or signal of a police officer, and was sentenced to one year in prison, to be served concurrently with his other two out-of-county sentences.

**{¶6}** On October 13, 2010, the State filed a notice of appeal. It herein raises the following sole Assignment of Error:

**{¶7}** "I.    THE TRIAL COURT ERRED BY FAILING TO IMPOSE A CONSECUTIVE PRISON TERM FOR FAILURE TO COMPLY WITH AN ORDER OR SIGNAL OF A POLICE OFFICER PURSUANT TO OHIO REVISED CODE SECTION 2921.331(D).

I.

**{¶8}** In its sole Assignment of Error, Appellant State of Ohio contends the trial court committed reversible error by failing to impose upon appellee a statutorily-mandated consecutive sentence. We agree.

**{¶9}** R.C. 2921.331(B) states as follows: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

**{¶10}** R.C. 2921.331(C)(4) further states that a violation of division (B) is a felony of the fourth degree if the trier of fact finds the offender was fleeing immediately after the commission of a felony, while R.C. 2921.331(C)(5)(a) further states that a violation of division (B) is a felony of the third degree depending on the nature of cause or risk of physical harm to persons or property.

**{¶11}** Finally, R.C. 2921.331(D) contains the following sentencing provision regarding certain convictions for failure to comply with the order of a police officer: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

**{¶12}** In the case sub judice, the trial court determined that it was impermissible to sentence appellee consecutive to the prior sentences he had received in Delaware and Franklin Counties, as indicated by the following discussion with the attorneys:

**{¶13}** "MS. COUCH-PAGE: Your Honor, I don't think concurrent time - - he's eligible for concurrent time on a fleeing and eluding.

**{¶14}** "THE COURT: I can't hear you.

**{¶15}** "MS. COUCH-PAGE: I said I don't think fleeing and eluding allows for concurrent time by statute.

**{¶16}** "THE COURT: Well, the time he's doing now is for something that happened afterwards.

**{¶17}** "MS. COUCH-PAGE: Right. But it's a situation that fleeing and eluding can't be concurrent time by statute.

**{¶18}** "MR. HITCHMAN: This offense we're here for today occurred obviously before the other two offenses.

**{¶19}** "THE DEFENDANT: July 17th of last year.

**{¶20}** "THE COURT: How can I sentence him to consecutive time for events that happened afterwards?

**{¶21}** "MS. COUCH-PAGE:  The events happened after this case.

**{¶22}** "THE COURT:  Yeah.

**{¶23}** "MS. COUCH-PAGE:  Yeah.

**{¶24}** "THE COURT:  I think it would be up to the judge on those cases whether or not it's concurrent or consecutive.  I don't believe I can sentence him consecutive after the fact.

**{¶25}** "MS. COUCH-PAGE:  The fact that he wasn't available here, Your Honor, I don't know where he's been for  - -  this happened last July.  This  - -  all the negotiations have been ongoing.  And then he  - -  we're now into July of 2010.

**{¶26}** "THE  COURT:  What  did  the  Court  say  in  Franklin  County  about concurrent or consecutive?  Did they say anything?

**{¶27}** "MR. HITCHMAN:  No, they didn't say anything.

**{¶28}** "* * *

**{¶29}** "MR. HITCHMAN:  The good news is he has no other cases pending.

**{¶30}** "THE COURT:  All you legalese, somebody has to know the answer.  Can I sentence him consecutive to something that happened afterwards?  I don't think so.

**{¶31}** "MS COUCH-PAGE:  Your Honor, it requires under the statute fleeing and eluding be consecutive time.  It doesn't matter who sentenced him first.

**{¶32}** "THE COURT:  Well  - -

**{¶33}** "MS. COUCH-PAGE:  Because of the fact that  - -

**{¶34}** "THE COURT:  Where is that in the law?

**{¶35}** "MS. COUCH-PAGE:  I'll get it for you.  I imagine we're not sentencing him today anyway, so I will get it for you.

**{¶36}** "MR. HITCHMAN:  We were anticipating being sentenced because he's in Noble County.

**{¶37}** "THE DEFENDANT:  I am four hours away from here.

**{¶38}** "MS. COUCH-PAGE:  What was indicated in the file back in November of 2009 is that we were to recommend a prison sentence. Brent Robinson, I would suggest two years based upon the facts.

**{¶39}** "THE COURT:  I wrote down one year release.  That's what was agreed to.

**{¶40}** "MS. COUCH-PAGE:  Well, skip past Mr. Jeffery and I'll get you where it says in the statutes about consecutive time on fleeing and eluding.

**{¶41}** "THE COURT: Show me where it says it has to be consecutive to time that happened afterwards.  I know it says consecutive to things that happened before.  No question about it.  I don't think it's constitutional.  I don't think it's legal to sentence somebody retroactively to something consecutive."  Tr., Sentencing Hearing, at 13-16.

**{¶42}** We first note that R.C. 2929.41(B)(2) reads as follows: "If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States."

**{¶43}** The General Assembly has thus clearly generally allowed Ohio felony prison terms to be consecutive to prison terms imposed in other state courts or in the

federal courts. However, it must be conceded that R.C. 2929.41(B)(2) is silent where, as here, a defendant has been sentenced in other cases and/or counties in Ohio.

**{¶44}** Nonetheless, several Ohio appellate cases have generally approved "other case" or "prior case" consecutive sentences. For example, in *State v. Clark*, Hamilton App.No. C-010532, 2002-Ohio-3135, a defendant challenged his consecutive sentences following pleas of guilty to charges of robbery, receiving stolen property, forgery, and failure to comply with the order of a police officer. Id. at ¶2 - ¶ 3. Said charges were spread out over three separate Hamilton County Common Pleas trial case numbers. Id. The trial court nonetheless ordered that Clark's five-year prison term for robbery (trial case no. B 0101787) and two-year prison term for failing to comply (trial case no. B 0102417) were to be served consecutively. Id. at ¶ 4. The First District Court, recognizing the requirements of R.C. 2929.14(E)(3) and R.C. 2921.331(B), found the imposition of consecutive sentences was not contrary to law and was supported by the record. Id. at ¶ 14.

**{¶45}** The case of *State v Spicer*, Cuyahoga App.Nos. 92384, 92385, 2010-Ohio-61, is also instructive. In that case, the Eighth District Court of Appeals held as follows in the defendant's challenge to his consecutive sentences: "Although the statute does not specifically state whether it was meant to apply to instances where a defendant is being sentenced on two or more separate cases, we find that, pursuant to R.C. 2921.331(D), a term of imprisonment for failure to comply must run consecutive to that of any other term of imprisonment, no matter if the sentence is being imposed in the same or different case." Id. at ¶ 19, citing *State v. Velasquez,* Cuyahoga App. Nos. 85135 and 85136, 2005-Ohio-3021, ¶ 2.

**{¶46}** Finally, in *State v Mooney*, Stark App.No. 2005CA00072, 2005-Ohio-5655, the defendant, Mooney, pled guilty to one count of failure to comply with the order of a police officer under Stark County Common Pleas case number 2004CR1488. On the same day, a jury found Mooney guilty of possession of cocaine under Stark County Common Pleas case number 2004CR2030. Following a sentencing hearing, Mooney was sentenced to three years in prison for possession of cocaine, to be served consecutively with the two-year sentence appellant was separately receiving for failure to comply with the order of a police officer in case 2004CR1488.

**{¶47}** Mooney appealed in the cocaine possession case, case number 2004CR0030. He challenged (pre-*Foster*) the imposition of the three-year sentence for cocaine possession consecutive to the two-year sentence for failure to comply with the order of a police officer in the other common pleas case. In affirming the trial court, we recited R.C. 2921.331(D), supra, and concluded that a remand "would be futile because the trial court's imposition of mandatory consecutive sentences as to appellant's two convictions is statutorily valid regardless of further compliance with R.C. 2929.14(E)(4) in his present cocaine possession case." Id. at ¶ 26.

**{¶48}** Therefore, based on the foregoing case law guidance, we find merit in the State's argument that R.C. 2921.331(D) mandates a sentence consecutive to appellee's prior sentences from Delaware and Franklin Counties, even if the crimes appellee committed in those counties post-dated his acts leading to the failure to comply offense in the present case. The State's sole Assignment of Error is sustained.

**{¶49}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded, for further proceedings consistent with this opinion.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0517

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TONY A. JEFFERY | : | |
| | : | |
| Defendant-Appellee | : | Case No. 10 CA 120 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.

_____

_____

_____
JUDGES