[Cite as *State v. Parker*, 2018-Ohio-579.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105361**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RAMADII PARKER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-06-479730-A and CR-06-481212-A

**BEFORE:**    McCormack, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    February 15, 2018

**ATTORNEY FOR APPELLANT**

Christopher M. Kelley
55 Public Square, Ste. 2100
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Janna R. Steinruck
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1}    Defendant-appellant Ramadii Parker appeals the imposition of consecutive sentences under R.C. 2921.331(D).   For the reasons that follow, we reverse and remand for resentencing.

**Procedural and Substantive History**

{¶2}   This case is a consolidated appeal involving two separate criminal cases: Cuyahoga C.P. Nos. CR-06-479730-A and CR-06-481212-A.

{¶3}   Case No. CR-06-479730-A stems from an incident that occurred on January 30, 2006.   Police observed a hand-to-hand transaction between an unidentified man standing on a street corner and Parker, who was seated inside a truck.   When officers, on foot and in a police vehicle, approached the men, Parker drove towards the officers at a high rate of speed in an attempt to flee the scene.   Officers in a police vehicle began an unsuccessful pursuit of Parker that was ultimately terminated at East 125th and Carlyon.

{¶4}   On April 18, 2006, a grand jury indicted Parker with a two-count indictment in CR-06-479730-A:   Count 1, failure to comply with order or signal of police, in violation of R.C. 2921.331 with a furthermore clause, a felony of the third degree; and Count 2, felonious assault, in violation of R.C. 2903.11(A)(1) with a furthermore clause, a felony of the second degree.

{¶5}   On May 8, 2006, Parker entered a plea of not guilty on both counts.

**{¶6}** Case No. CR-06-481212-A stems from an incident that occurred on May 16, 2006. Cleveland police stopped Parker for not having a rear-view mirror. Upon a search of his vehicle, police discovered 38 grams of cocaine and arrested Parker.

**{¶7}** On May 26, 2006, a grand jury indicted Parker with a three-count indictment in CR-06-481212-A: Count 1, possession of drugs, in violation of R.C. 2925.11, a felony of the third degree; Count 2, drug trafficking, in violation of R.C. 2925.03, a felony of the first degree; and Count 3, possessing criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree.

**{¶8}** On June 12, 2006, Parker entered a plea of not guilty to all three counts in the indictment.

**{¶9}** Parker's trial in CR-06-479730-A was set for June 26, 2006. Trial was reset by the court once and continued at Parker's request once. On August 3, 2006, Parker appeared in court and waived his right to a speedy trial. At the state's request, trial was continued to August 16, 2006. Parker failed to appear for trial on August 16, and a capias was issued.

**{¶10}** Parker was arrested on September 7, 2016.

**{¶11}** On November 3, 2016, Parker appeared with counsel before the trial court and entered a change of plea in both cases.

**{¶12}** In CR-06-479730-A, Parker withdrew his not guilty plea and entered a guilty plea to: Count 1, failure to comply with order or signal of police, in violation of

R.C. 2921.331; and an amended Count 2, attempted felonious assault, in violation of R.C. 2903.02/2903.11(A)(1), a felony of the third degree.

{¶13} In CR-06-481212-A, Parker withdrew his not guilty plea and entered a plea of guilty to an amended Count 2, drug trafficking, in violation of R.C. 2925.03(A)(2), a felony of the second degree, with forfeiture specifications pursuant to R.C. 2941.1417(A).

{¶14} After engaging Parker in a plea colloquy, the trial court accepted his guilty pleas.

{¶15} On November 30, 2016, the trial court held a sentencing hearing and heard from Parker, Parker's counsel, and the prosecutor. At sentencing, the court initially stated it was sentencing Parker to a mandatory two-year prison term and a mandatory fine of $7,500 in CR-06-481212-A for drug trafficking. It then stated that the state satisfied the requirements of R.C. 2921.331(B), that the defendant's conduct in his failure to comply was more serious than conduct normally constituting that offense, and that it was sentencing Parker to one year for failure to comply, along with a life suspension of his driver's license. The license suspension was statutorily mandated in R.C. 2921.331(E) because this was Parker's second conviction for failure to comply. Finally, the trial court stated that it was sentencing Parker to nine months in prison for    amended Count 2, attempted felonious assault, to run consecutive to the one year for failure to comply.

{¶16} The trial court explained this consecutive sentence by pointing to the requirements of R.C. 2921.331(D). The total sentence based on the foregoing was 21 months. The trial court stated that it was electing to have the sentences for

CR-06-479730-A and CR-06-481212-A run concurrently, telling Parker, "this is your break that I'm giving you."

{¶17} After announcing this sentence, the trial court asked if there were any objections to the sentence, specifically with respect to running the sentences from each case concurrently.

{¶18} The state responded that the plain language of R.C. 2921.331(D) requires any prison sentence for failure to comply be served consecutively to any other prison term or mandatory prison term imposed. Therefore, according to the state, Parker would be required to serve the sentences for each case consecutively.

{¶19} Parker's counsel responded that R.C. 2921.331(D) was silent as to whether a prison term for failure to comply must be served consecutive to a prison term in a separate case. Therefore, according to Parker's trial counsel, the trial court had the statutory authority and discretion to run the two-year mandatory sentence in CR-06-481212-A concurrent with his nine-month sentence for attempted felonious assault in CR-06-479730-A, provided that his one-year sentence for failure to comply was ordered to be served consecutively.

{¶20} Ultimately, the trial court was persuaded by the state's interpretation of R.C. 2921.331(D) and, in "an abundance of caution," ordered that Parker's sentence on all three charges be served consecutively, for a total prison term of 45 months.

{¶21} On January 11, 2017, Parker appealed his sentence.

**Law and Analysis**

**{¶22}** Parker brings two assignments of error before this court.  First, Parker argues that the trial court erred by failing to make the requisite findings under R.C. 2929.14(C)(4) for the imposition of consecutive sentences.   Second, in the alternative, Parker argues that his change of plea was not made knowingly and intelligently because the trial court failed to substantially comply with Crim.R. 11(C)(2) by not informing Parker of the maximum possible sentence he faced.

**{¶23}** Parker's first assignment of error is premised on his assertion that the trial court misinterpreted R.C. 2921.331(D) when it found itself obligated to impose consecutive sentences for all three of Parker's charges.

**{¶24}** Questions of statutory interpretation are questions of law, which are reviewed de novo.  *Riedel v. Consol. Rail Corp.*, 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶ 6.   In construing a statute, the primary goal "is to ascertain and give effect to the intent of the legislature as expressed in the statute."  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 30.

**{¶25}** "The first rule of statutory construction is to look at the statute's language to determine its meaning.   If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms." *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19, citing *Lancaster Colony Corp. v. Limbach*, 37 Ohio St.3d 198, 199, 524 N.E.2d 1389 (1988).

{¶26} The competing interpretations of R.C. 2921.331(D) before us in this case differ as to whether the statute requires that the sentence for each of    defendant's counts be served consecutive to one another when one count is failure to comply.    At Parker's sentencing hearing and in its brief, the state effectively argued that whenever a defendant is convicted of failure to comply, each sentence for all of that defendant's counts must be served consecutive to one another.    Parker argues that the presence of a count of failure to comply does not create a statutory mandate that all other sentences be served consecutively to each other.

{¶27} R.C. 2921.331(D) provides:

If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender.

{¶28} The requirements of R.C. 2921.331(D) were triggered in this case because the trial court found that, pursuant to the factors listed in R.C. 2921.331(C)(5)(b), Parker's conduct was more serious than conduct normally constituting the offense of failure to comply.

{¶29} It is undisputed that the plain language of R.C. 2921.331(D) means that the trial court was statutorily required to impose a consecutive sentence for Parker's failure to comply offense.    Put another way, Parker's sentence for failure to comply cannot be served concurrently to any other sentence.

{¶30} It is also undisputed that this requirement applies where a defendant is being sentenced in two or more separate cases.    *State v. Spicer*, 8th Dist. Cuyahoga Nos. 92384

and 92385, 2010-Ohio-61, ¶ 19. ("Although the statute does not specifically state whether it was meant to apply to instances where a defendant is being sentenced on two or more separate cases, we find that, pursuant to R.C. 2921.331(D), a term of imprisonment for failure to comply must run consecutive to that of any other term of imprisonment, no matter if the sentence is being imposed in the same or different case.")

{¶31} Further, the requirement that a failure to comply sentence be consecutive applies even if the defendant's other offenses occurred in a different county and predate the charge of failure to comply. *State v. Perry*, 8th Dist. Cuyahoga No. 101667, 2015-Ohio-1542, ¶ 11, citing *State v. Jeffery*, 5th Dist. Richland No. 10 CA 120, 2011-Ohio-2654, ¶ 48.

{¶32} Despite the foregoing implications of the R.C. 2921.331(D) mandate, none of the case law cited by the state supports its interpretation of the statute as applied to Parker's case. In fact, *Perry* and other cases tend to support Parker's interpretation of the mandate.

{¶33} In *Perry*, the defendant pleaded guilty to one count of failure to comply and one count of drug trafficking. The trial court imposed a prison term for failure to comply and ordered it to be served consecutive to other Cuyahoga County cases and consecutive to a Lake County prison term the defendant was already serving. *Perry* at ¶ 11. The trial court did not require that each of the defendant's other sentences be served consecutively to each other; it only required that the failure to comply sentence be served

consecutively to his other sentences, two of which were to be served concurrently. *Perry* at ¶ 4. This sentence was affirmed on appeal.

{¶34} Similarly, in *Jeffery*, the state successfully appealed the trial court's decision to sentence Jeffery to one year in prison for failure to comply, to be served concurrently with previous sentences from two other counties. *Jeffery,* 5th Dist. Richland No. 10 CA 120, 2011-Ohio-2654, at ¶ 48. The Fifth District in that case did not, however, find that Jeffery's previous sentences needed to be served consecutively.

{¶35} The Twelfth District has also adopted Parker's interpretation of the statute. *State v. Stegall*, 12th Dist. Butler No. CA2015-01-012, 2015-Ohio-3934. In *Stegall*, the defendant was convicted of the following: one count of aggravated robbery and a corresponding firearm specification (Count 9), a second count of aggravated robbery (Count 12), one count of receiving stolen property (Count 14), and one count of failure to comply (Count 15). *Id.* at ¶ 3. The defendant was sentenced to ten years for Count 9, ten years for Count 12, and 18 months for Count 14, to be served concurrently; three years for the gun specification, to be served consecutively; and two years for failure to comply, to be served consecutively. *Id.* at ¶ 12.

{¶36} Perhaps even more relevant to the instant case is a case in which the defendant pleaded guilty in one case to charges of possession and trafficking of cocaine and pleaded guilty in a second case to charges of involuntary manslaughter, failure to comply, and aggravated vehicular assault. *State v. Banks*, 8th Dist. Cuyahoga Nos. 81679 and 81680, 2003-Ohio-1530. The trial court in that case sentenced Banks in the

first case to one year for possession and one year for trafficking, to be served consecutively. *Id*. at ¶ 6. In the second case, the court sentenced him to ten years for involuntary manslaughter, two years for failure to comply, and one year for aggravated vehicular assault, to be served consecutively. *Id*. The sentences in each case were ordered to be served consecutively to each other, for a total sentence of 15 years. *Id*. When Banks appealed his sentence, this court found that the trial court did not err in imposing consecutive sentences for his convictions for failure to comply and involuntary manslaughter because of the R.C. 2921.331(D) mandate. *Id*. at ¶ 19. In analyzing the consecutive sentences imposed for all of Banks's other convictions, though, this court found that the trial court failed to provide any reasons for the other consecutive sentences. *Id*.

{¶37} After engaging both attorneys in a conversation about the statute, the trial court in this case incorrectly held that it was obligated to impose consecutive sentences for all three of Parker's charges:

> DEFENSE COUNSEL: Your Honor, could we just do the failure to comply so that one year — and then run the nine months concurrent with the other case?
>
> THE COURT: Well, see, I don't think I can do that. I think whenever the failure to comply is there, it runs consecutive to any other charge, and I just don't — I don't think I can do that * * *.

(Tr. 56.)

**{¶38}** Such a sentence, in which Parker's sentences for drug trafficking and attempted felonious assault were concurrent to each other and consecutive to the sentence for failure to comply, would have been appropriate under R.C. 2921.331(D).

**{¶39}** Because we agree with Parker's interpretation of R.C. 2921.331(D), we must also agree with his argument that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) to impose consecutive sentences.

**{¶40}** Under R.C. 2953.08, an appellate court may overturn the imposition of consecutive sentences where "upon its review, [it] clearly and convincingly finds that 'the record does not support the sentencing court's findings' under R.C. 2929.14(C)(4), or the sentence is 'otherwise contrary to law.'" *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 10, quoting R.C. 2953.08(G)(2)(a)-(b). "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise, to resentence the defendant." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 10, citing *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984).

**{¶41}** Because the trial court here believed it was imposing consecutive sentences pursuant to a mandate in R.C. 2921.331(D), it did not make the requisite findings under R.C. 2929.14(C)(4) to impose consecutive sentences.

**{¶42}** R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

A trial court is required to make the findings mandated above at the sentencing hearing and incorporate its findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶43} The requirements of R.C. 2929.14(C)(4) are only implicated when a trial judge exercises his or her discretion to impose consecutive sentences. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 17. Therefore, the trial court need not make these findings when consecutive sentences are required as a matter of law. Thus, if the trial court had ordered Parker's sentence for attempted felonious assault to run concurrent to his sentence for trafficking, and then ordered his sentence for failure to comply to run consecutive to both, it would not have been required to make R.C. 2929.14(C)(4) findings.

**{¶44}** Because R.C. 2921.331(D) did not require Parker's sentences for all three charges to be served consecutively, the trial court was required to comply with R.C. 2929.14(C)(4) before imposing consecutive sentences for trafficking and attempted felonious assault. The trial court's failure to comply with R.C. 2929.14(C)(4) renders Parker's sentences for these offenses contrary to law. *Lunder,* 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, at ¶ 13. Therefore, we reverse and remand this case for resentencing as to those offenses.

**{¶45}** Because we remand this case for resentencing, Parker's second assignment of error, in which he raises an alternative argument premised on the state's interpretation of R.C. 2921.331(D), is moot.

**{¶46}** We note that while Parker does not bring any challenge to his plea or sentence related to his license suspension, a review of the plea hearing shows that the trial court provided an inaccurate description of its options with respect to the suspension. Specifically, the trial court stated that the license suspension was not mandatory. Parker's sentence, however, included a lifetime license suspension in accordance with the mandate found in R.C. 2921.331(E). Even if Parker had raised this issue for our review, it would not have changed the outcome of this appeal, because Parker would be unable to show that he was prejudiced by the trial court as required to vacate his plea based on Crim.R. 11.

**{¶47}** We acknowledge that the dissenting opinion would sua sponte consider the validity of Parker's plea. However, as noted in the dissent, Parker failed to raise this

issue before this court. App.R. 16 requires that the appellant's brief shall include a "statement of the assignments of error presented for review" and "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented[.]" *Id*. at (A)(3) and (7). Furthermore, the court of appeals shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16" and the "court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(1)(b) and (2). Therefore, pursuant to App.R. 12(A) and 16(A), we decline to sua sponte consider the validity of Parker's plea.

**{¶48}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
MARY J. BOYLE, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

MARY J. BOYLE, J., DISSENTING:

**{¶49}** I respectfully dissent. I would find that Parker's assignments of error are rendered moot because the trial court failed to explain that he faced a lifetime suspension of his driver's license, thereby invalidating his plea.

**{¶50}** Although not raised in Parker's brief, I would, sua sponte, find that Parker's plea was not knowing, intelligent, and voluntary because he did not understand that he faced a lifetime suspension of his driver's license before entering his guilty plea.

**{¶51}** While we generally determine an appeal's merits based on the assignments of error raised by an appellant pursuant to App.R. 12(A)(1)(b), we have, sua sponte, previously raised and addressed Crim.R. 11 issues not raised by an appellant. *See State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, ¶ 9 (reversing for the trial court's failure to ascertain whether the defendant understood the maximum penalty for his offenses even though the defendant did not raise it in his appellate brief). The same has been done by other appellate districts. *See State v. Mullins*, 12th Dist. Butler Nos. CA2011-10-195 and CA2011-10-196, 2012-Ohio-5005, ¶ 13 ("[W]e notice and raise, sua sponte, an error in the trial court's addressing of appellant's constitutional rights pursuant to Crim.R. 11(C)[.]"); *State v. Hankison*, 4th Dist. Scioto No. 01CA2792, 2002-Ohio-6161, ¶ 20 ("We note that Hankison failed to articulate this argument in his brief to this Court. We have raised this issue sua sponte because we find that failure to comply with the mandates of Crim.R. 11, in this case, is plain error.").

{¶52} We review whether the trial court accepted Parker's plea in compliance with Crim.R. 11(C) de novo. *State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, ¶ 13, citing *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606. A defendant must enter into a plea knowingly, intelligently, and voluntarily for it to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). To ensure the constitutionality of pleas, Crim.R. 11(C) sets forth specific procedures that trial courts must follow when accepting guilty pleas, covering the waiver of constitutional rights and the explanation of nonconstitutional rights. *See State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) ("Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.").

{¶53} A trial court must make findings and disclosures concerning a defendant's nonconstitutional rights. Specifically, a trial court must

> [d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing [and] [i]nform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Crim.R. 11(C)(2)(a) and (b). A trial court must only substantially comply with Crim.R. 11's requirements when advising a defendant of his nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. "'Substantial

compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 10, quoting *Nero*. "'If it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance.'" *Id.*, quoting *State v. Caplinger*, 105 Ohio App.3d 567, 664 N.E.2d 959 (4th Dist.1995).

**{¶54}** In addition to showing noncompliance, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue." *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 12, citing *Veney*. To establish prejudice, a defendant must show that, had the trial court substantially complied with Crim.R. 11(C)'s requirements, he would not have entered into the plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

**{¶55}** The right to be advised of the maximum penalties that a defendant faces is a nonconstitutional right, and therefore, we review the record for substantial compliance. *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 8, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 91567, 2009-Ohio-3088.

**{¶56}** Many appellate districts have declined to vacate a defendant's plea when a court incorrectly informs a defendant of the length of the driver's license suspension that the defendant faces or fails to discuss the license suspension at the plea hearing. *See*

*State v. Fry-McMurray*, 7th Dist. Mahoning No. 15 MA 0111, 2016-Ohio-6998, ¶ 20; *State v. Small*, 10th Dist. Franklin Nos. 14AP-659, 14AP-660, 14AP-661, and 14AP-663, 2015-Ohio-3640, ¶ 13. In those cases, the court found that the defendant's failure to object to the imposition of a longer license suspension at sentencing, the minimal difference in length of the suspensions, and the dismissal of some charges against the defendant in exchange for a guilty plea established that the defendant did not suffer prejudice. *Fry-McMurray* at ¶ 28; *Small* at ¶ 13.

{¶57} Those cases are distinguishable, however, because in the instant case, the trial court affirmatively told Parker that there was no license suspension. At the plea hearing in the instant case, the court explained Parker's constitutional rights, the potential for consecutive sentences, and the potential prison terms and fines that he faced. The following exchange took place after that explanation:

> PROSECUTOR: And there's also a mandatory operator's driver's license suspension.
>
> COURT: No.
>
> PROSECUTOR: No?
>
> COURT: No. Not anymore. * * * The legislature changed that this year and I think it went into effect in September where on felony drug charges no longer — it's optional, the Court can, but it's certainly not mandatory.

Despite the trial court's statements at the plea hearing, however, Parker's sentence included a lifetime driver's license suspension, which was mandatory under R.C. 2921.331(E) because it was Parker's second conviction for failure to comply.

**{¶58}** Based on those facts, we find *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, to be more instructive than *Fry-McMurray* and *Small*. In *Walz*, the appellant argued that he did not knowingly, intelligently, and voluntarily enter into a guilty plea because the trial court failed to inform him that he faced a mandatory three-year driver's license suspension for the felonious assault count at the plea hearing. At the plea hearing, the trial court did not discuss the mandatory license suspension. In fact, after reciting the prison terms and fines that the appellant faced, the trial court stated that "those are all of the potential penalties." On review, the Second District found that the appellant's plea was not knowing, intelligent, or voluntary for his felonious assault count because the trial court's statement — "those are all of the penalties" — provided the appellant with misinformation. *Id*. at ¶ 17. Specifically, the Second District stated that "[w]hen material misinformation about a consequence of a guilty plea is conveyed to a defendant, and the court by its silence fails to correct the mistake, the failure renders the plea less than knowing, intelligent, and voluntary." *Id.* at ¶ 16, citing *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996).

**{¶59}** Like *Walz*, the record establishes that the court clearly provided Parker misinformation; however, the facts of this case go one step further than *Walz* because the trial court affirmatively informed Parker that there was no license suspension. The trial court's misstatement of the potential penalties that Parker faced certainly did not substantially comply with Crim.R. 11 and resulted in prejudice to Parker. Therefore, Parker's plea was not knowing, intelligent, or voluntary. Accordingly, I would reverse

the court's sentence and set aside Parker's plea, thereby rendering Parker's raised

assignments of error concerning his sentence and plea's voluntariness moot.