[Cite as *State v. Pitts*, 2026-Ohio-637.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

Michael Shane Pitts

      Appellant

Court of Appeals No. WD-25-019, WD-25-020

Trial Court No. 2024CR0237, 2024CR0448

**DECISION AND JUDGMENT**

Decided: February 24, 2026

* * * * *

Paul A. Dobson, Wood County Prosecutor and
David T. Harold, Chief Assistant Prosecutor, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} In this consolidated appeal, appellant, Michael Shane Pitts, appeals two judgments of conviction of the Wood County Common Pleas Court. For the reasons that follow, we affirm both judgments but remand for the purpose of the issuance of nunc pro tunc judgment entries.

## Assignments of Error

I. [Pitt's] guilty pleas were not knowingly, intelligently and voluntarily entered.

II. The trial court erred by failing to make the requisite statutory findings for the imposition of consecutive sentences.

## Background

{¶ 2} On June 27, 2024, in Wood County case No. 2024CR0237 ("CR0237"), Pitts was indicted on two counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), felonies of the second degree.

{¶ 3} On November 21, 2024, in Wood County case No. 2024CR0448 ("CR0448"), Pitts was indicted on: one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree (Count 1); one count of receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree (Count 2); one count of aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree (Count 3); and one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them – OVI, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a misdemeanor of the first degree (Count 4).

{¶ 4} On January 13, 2025, a plea hearing was held in both cases. In CR0237, Pitts pled guilty to an amended Count 1, aggravated assault, a felony of the fourth degree, in violation of R.C. 2903.12(A)(2) and (B), and in CR0448, he pled guilty to Counts 1, 3, and 4.

{¶ 5} On March 10, 2025, Pitts appeared for sentencing in both cases. In CR0237, he was sentenced to six months on the amended Count 1. With respect to CR0448, he was sentenced to 30 months for Count 1, 9 months for Count 3, and 180 days for Count 4. He was

2.

ordered to serve each count in CR0448 concurrently to one another and consecutively to the sentence imposed in CR0237.

{¶ 6} CR0448 was recalled for sentencing on March 31, 2025 "to construct a sentence that complied with R.C. 2921.331(D)." Ultimately, in CR0448, Pitts was sentenced to 30 months in prison on Count 1, 9 months in prison on Count 3 and 180 days in jail on Count 4. Counts 1 and 3 were ordered to be served consecutively to one another and concurrent to the jail term in Count 4. And this sentence was also ordered to be served consecutively to the imposed sentence in CR0237. Count 2 in CR0237 and Count 2 in CR0448 were dismissed at sentencing.

{¶ 7} Judgment entries were filed in both cases on April 2, 2025.

{¶ 8} Pitts appealed the judgment entry in CR0237 in case No. WD-25-019, and the CR0448 judgment entry in case No. WD-25-020. These cases have been consolidated on appeal.

**First Assignment of Error**

{¶ 9} In his first assignment of error, Pitts maintains that his guilty pleas were not entered into knowingly, intelligently and voluntarily. He contends that he was not informed of the effect of his guilty pleas before the court accepted his pleas, specifically that his pleas may be used against him at a later trial.

{¶ 10} A defendant's decision to enter a guilty plea must be knowing, intelligent and voluntary. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. Crim.R. 11(C) sets forth the procedures trial courts must follow when accepting pleas and "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id*. at ¶ 11, citing

3.

*State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Specifically, a trial court must "'must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b)'" and "'notify the defendant of his or her constitutional rights enumerated in Crim.R. 11(C)(2)(c).'" *State v. Gowdy*, 2025-Ohio-5575, ¶ 23, quoting *State v. Veney*, 2008-Ohio-5200, ¶ 13.

{¶ 11} When an appellant seeks to vacate his plea on the basis that the plea was not entered in a knowing, intelligent, and voluntary manner due to the trial court's failure to comply with Crim.R. 11, the questions to consider are: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?"[1] *Dangler* at ¶ 17. Generally, an appellant must show prejudice to have his plea vacated unless the court fails to explain a constitutional right in Crim.R. 11(C)(2)(c) or completely fails to comply with any portion of Crim.R. 11(C). *State v. Lucas*, 2025-Ohio-5303, ¶ 13 (6th Dist.) citing *Dangler* at ¶ 13-16. "The test for prejudice is "'whether the plea would have otherwise been made.'"" *Id*.

{¶ 12} Pitts is contending that the trial court failed to comply with the nonconstitutional requirement, set forth in Crim.R. 11(C)(2)(b), that he be informed of the effect of the plea. A trial court satisfies the requirement of informing a defendant of the effect of a plea when it

---

[1] Both parties base their arguments on a standard which considers whether the trial court strictly complied with the constitutional requirements of Crim.R. 11 and substantially complied with the nonconstitutional requirements of Crim.R. 11. However, more recently in *Dangler*, the Ohio Supreme Court set forth this test, which we have used to analyze Pitts's assigned errors.

4.

informs a defendant of the appropriate language under Crim.R. 11(B).  *State v. Jones*, 2007-Ohio-6093, ¶ 25, 51.

{¶ 13} Pitts does not contend that the trial court failed to provide the information required by Crim.R. 11(B).  Rather he maintains that the trial court was required to inform him that his pleas could be used against him at a later trial.  He cites to R.C. 2937.09, which is contained in the Revised Code Chapter titled "Preliminary Examination; Bail" and states, in relevant part, "If the charge is a felony, the court or magistrate shall, before receiving a plea of guilty, advise the accused that such plea constitutes an admission which may be used against him at a later trial."

{¶ 14} R.C. 2937.09 "applies to a preliminary examination upon arraignment, not to a subsequent change of plea to an indictment."  *State v. Tavarez*, 2025-Ohio-5672, ¶ 10 (6th Dist.).  Therefore, we recently held that a trial court is not required to inform a defendant that his or her guilty plea can be used against him or her in a later trial.  *Id*. at ¶ 11.

{¶ 15} Accordingly, we find the first assignment of error not well-taken.

### Second Assignment of Error

{¶ 16} In his second assignment of error, Pitts asserts that the trial court erred in its imposition of consecutive sentences as it did not make the requisite statutory findings.

*Standard*

{¶ 17} We review felony sentences under R.C. 2953.08(G)(2).  *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.).  R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court clearly and convincingly finds that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division

5.

(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (2) "the sentence is otherwise contrary to law." Clear and convincing evidence is defined as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶ 18} Pitts argues that the trial court did not make the necessary findings required by R.C. 2929.14(C)(4). Generally, pursuant to R.C. 2929.41(A), "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment" unless an applicable exception applies. The exception at issue here is R.C. 2929.14(C)(4)(c), which reads as follows.

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
> . . .
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} A trial court imposing consecutive sentences must make these findings at the sentencing hearing and incorporate them into its sentencing entry but is not obligated to state reasons supporting its findings. *State v. Bonnell*, 2014-Ohio-3177, syllabus. However, these

6.

findings are only necessary "when a trial judge exercises his or her discretion to impose consecutive sentences." *State v. Parker*, 2018-Ohio-579, ¶ 43 (8th Dist.), quoting *State v. Sergent*, 2016-Ohio-2696, ¶ 17. They are not required when consecutive sentences are required as a matter of law. *Id.*

{¶ 20} In his second assignment of error, Pitts asserts that the trial court mistakenly believed R.C. 2921.331(D) required that all his sentences be served consecutively, and that because of that mistaken belief, the trial court did not make any of the statutory findings required by R.C. 2929.14(C)(4).

{¶ 21} R.C. 2921.331(D) requires that Pitts' sentence for failure to comply be served "consecutively to any other prison term or mandatory prison term imposed upon [him]." It is immaterial that the aggravated assault charge stemmed from a separate case. *See Parker* at ¶ 30. And because the consecutive nature of these sentences was required by R.C. 2921.331(D), the trial court was not required to make the R.C. 2929.14(C)(4) findings. *Parker* at ¶ 44.

{¶ 22} R.C. 2921.331(D) only requires that the failure to comply sentence be consecutive to any other prison sentence. It does not require that all other sentences be consecutive to each other. *See Parker* at ¶ 38, 39, 44. Therefore, the trial court was required to make the requisite R.C. 2929.14(C)(4) findings prior to ordering the aggravated assault and aggravated possession of drugs sentences to be served consecutively. *Id.* at ¶ 44.

{¶ 23} We find that the trial court did make the necessary findings. The trial court ordered that "Counts 1, 3, and 4 in Case number 2024-CR-0448 will be served concurrently with one another and consecutive with 2024-CR-0237" at the March 10, 2025 sentencing hearing. At that sentencing hearing, the trial court ordered that all of the counts in CR0448 be served

7.

consecutively to the sentence for aggravated assault in CR0237, and at that hearing, the trial court found:

> that consecutive sentences is [sic] necessary to protect the public from future crime and to - - by the offender as well as necessary to punish you, as illustrated by the history of your criminal convictions. The court also finds that consecutive sentences are not disproportionate to the seriousness of your conduct and the danger that you pose to the public, and that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

{¶ 24} We do note, however, that these findings were not incorporated into either of the judgment entries. When a trial court makes the appropriate findings at the sentencing hearing but inadvertently fails to incorporate those findings into the judgment entry, the sentence is not contrary to law. *Bonnell* at ¶ 30. The Ohio Supreme Court has stated that such an error is merely clerical and can be corrected by a nunc pro tunc entry to reflect what actually occurred at the sentencing hearing. *Id*.

{¶ 25} Therefore, we do not find that Pitts' sentences were contrary to law. We do find that a clerical mistake was made in the judgment entries, and thus, we remand for the trial court to issue nunc pro tunc entries to properly incorporate the findings that were made at the sentencing hearing.

{¶ 26} Pitts' second assignment of error is well-taken.

### Conclusion

{¶ 27} We affirm Pitts' convictions and remand solely for the trial court to issue nunc pro tunc entries incorporating its consecutive sentence findings made at the March 10, 2025 hearing. Pursuant to App.R. 24, the parties are hereby ordered to split the costs incurred on appeal.

8.

Judgment affirmed and remand for the purpose of the issuance of nunc pro tunc judgment entries.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, P.J.
_____
JUDGE

Christine E. Mayle, J
_____
JUDGE

Myron C. Duhart, J
CONCUR.
_____
JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.